No. 2146.—H. B. Chase *v.* Eliza McCay, et al.

A donation which acknowledges an indebtedness to the heir, but declares that it is given as an extra portion and not to be accounted for at the partition of the donor's estate, is presumed to be fraudulent. C. C. 1975.

A judgment creditor can have a donation *intervivos* made by his debtor in fraud of his rights annulled, and have the property donated made liable for his debt, provided the donor fail to show other immovable property, unincumbered, to an amount sufficient to pay the debt.

APPEAL from the Fifth District Court, parish of East Feliciana, *Posey, J. Kernan & Lyons,* for plaintiff and appellee. *McVea & Hunter,* for defendants and appellants.

Howell, J. This is an action to annul a donation of certain immovable property in the town of Clinton, Louisiana, made by a mother to her daughter in consideration of her affection for and indebtedness to the donee, and to subject said property to the judicial mortgage of plaintiff.

The evidence shows that plaintiff's claim existed prior to the date of the act of donation, and that upon issuing an execution on his judgment, obtained shortly after said date, no property, in the name of the judgment debtor, could be found and the execution was returned unsatisfied. We consider the act in question to be a gratuitous donation, notwithstanding the recital of indebtedness therein, as it does not

profess to extinguish any part thereof but declares the donation to be an extra portion and not to be accounted for at the partition of the donor's estate.

As such it is presumed to be fraudulent, C. C. 1975, and it was incumbent on the defendants and appellants to show that the donor had sufficient property, at least, to satisfy plaintiff's demand.

Judgment affirmed.